

FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

JUN 3 0 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| TOMEKA BARROW GAUNICHAUX, Plaintiff, v. NCO FINANCIAL SYSTEMS, INC., Defendant. | Civil Action File No: 1:09-CV-1767 CAM  **JURY TRIAL DEMANDED** |
|---|---|

## COMPLAINT

Plaintiff TOMEKA BARROW GAUNICHAUX by and through counsel, brings this action against Defendant NCO FINANCIAL SYSTEMS, INC. on the grounds set forth herein.

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney's fees and costs of this action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.;* and treble damages, attorney's fees and costs of this action pursuant to Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.*

2. Defendant violated the FDCPA and FBPA by, among other things, continuing to place telephone calls to Plaintiff after Plaintiff mailed and Defendant received a letter from Plaintiff informing Defendant to stop contacting Plaintiff by telephone.

## II. PARTIES

3. Plaintiff is a natural person who resides in the County of Clayton, State of Georgia.

4. Plaintiff is a "consumer" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(3).

5. Defendant is a Pennsylvania corporation organized under the laws of that State.

6. Defendant's registered agent is C T Corporation System.

7. The office of Defendant's registered agent is located at 1201 Peachtree St., NE, Atlanta, Fulton County, Georgia 30361.

8. Defendant's registered agent may be served with legal process at the aforesaid address.

9. Defendant is engaged in the collection of debt from consumers using the mail and telephone.

10. Defendant is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

### III. JURISDICTION

11. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

12. Venue is proper in this District in that Defendant conducts collection activities within the District and Plaintiff resides here.

### IV. STATUTORY STRUCTURE

#### *FDCPA*

13. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

14. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

15. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

16. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

17. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## *GEORGIA'S FAIR BUSINESS PRACTICES ACT*

18. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

19. A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007).

## V. FACTUAL ALLEGATIONS

20. Defendant was engaged in the collection of a consumer debt allegedly owed by Plaintiff to Capital One Bank (USA), N.A. ("Capital One").

21. On or about May 28, 2008, Defendant mailed Plaintiff a collection letter demanding payment on an alleged debt to Capital One ("NCO Demand Letter").

22. A true and correct copy of the NCO Demand Letter is attached hereto as Exhibit "A."

23. The NCO Demand Letter was Defendant's first written communication to Plaintiff.

24. On or about June 24, 2008, Plaintiff sent Defendant a letter by certified mail in response to the NCO Demand Letter ("Plaintiff's June 24th Letter").

25. A true and correct copy of Plaintiff's June 24th Letter is attached hereto as Exhibit "B."

26. The June 24th Letter stated, in part: "I would also like to request, in writing, that no telephone contact be made by your office to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties and repeatedly calling and

leaving messages on my cell phone, it will be considered harassment and a violation of my rights. All future communications with me MUST be done in writing and sent to the address noted in this letter by the USPS."

27. Defendant received the June 24th Letter on or about June 30, 2008.

28. After receiving the June 24th Letter, Defendant continued to call Plaintiff's on Plaintiff's telephone and leave messages for Plaintiff.

29. Defendant increased the number of telephone calls to Plaintiff after Defendant received the June 24th Letter.

30. Defendant failed to send Plaintiff a written verification of the alleged debt.

31. Defendant could have taken steps to comply with the FDCPA, but failed to do so.

32. At all times pertinent hereto, the conduct of Defendant was intentional, negligent and in disregard for federal and state law, and the rights of Plaintiff.

33. Plaintiff has suffered actual damages as a result of Defendant's illegal collection actions in the form of emotional distress, including but not limited to anger, anxiety, stress, and panic attacks.

## CAUSES OF ACTION

## COUNT ONE: VIOLATIONS OF THE FDCPA

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to provisions cited herein.

36. Defendant communicated with Plaintiff by telephone after Plaintiff sent and Defendant received a written notification that Plaintiff wanted Defendant to cease communicating with Plaintiff by telephone, in violation of 15 U.S.C. § 1692c(c).

37. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abusive Plaintiff, in violation of 15 U.S.C. § 1692d.

38. Defendant engaged in unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

39. Defendant continued its collection efforts against Plaintiff without validating the alleged debt, in violation of 15 U.S.C. § 1692g(b).

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages, actual damages, and reasonable attorney's fees and costs.

## COUNT TWO: VIOLATIONS OF
## GEORGIA'S FAIR BUSINESS PRACTICES ACT

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

43. A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007).

44. Defendant's acts violated the FBPA.

45. Defendant's violations of the FDCPA and FBPA were intentional.

46. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages.

47. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages pursuant to the FDCPA;

- for an award of treble damages pursuant to the FBPA;

- for an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and the FBPA; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 23, 2009

By: _____
Steven H. Koval
Attorney at Law
Georgia Bar #428905

3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA 30305
Telephone: (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com
**Attorney for Plaintiff**

9

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 23rd day of June, 2009.

/s/ Steven H. Koval

Steven H. Koval
Attorney at Law
Georgia Bar #428905

3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
E-mail:  SHKoval@aol.com